UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION



| | | |
|---|---|---|
| ALEJANDRO FLORES, | § | |
| MARIA A. RAMIREZ, | § | |
| Plaintiffs, | § | |
| | § | Civil Action No. |
| v. | § | DR-15-CV-98–AM/CW |
| | § | |
| STATE FARM LLOYDS, | § | |
| Defendant. | § | |

## TRANSFER ORDER

Pending before the Court is the Defendant's Unopposed Motion to Transfer Venue to the United States District Court of the Southern District of Texas, Laredo Division. (ECF No. 3.) The Plaintiffs initially filed suit in state court against the Defendant State Farm Lloyds in Maverick County, Texas, to recover damages purportedly suffered to their home during a storm in Laredo, Texas. The Defendant then removed the case to the United States District Court of the Western District of Texas, Del Rio Division, based on diversity jurisdiction. On August 28, 2015, the Defendant filed the present motion, asking that the case be transferred to the Laredo Division of the Southern District of Texas for the convenience of the parties, pursuant to 28 U.S.C. § 1404, because (1) a substantial part of the events giving rise to the claim occurred there, (2) a substantial part of the property that is the subject of the action is situated there, and (3) the Plaintiffs reside there.

The Court finds that the motion should be granted. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When a party requests a § 1404(a) venue transfer, a court's threshold determination is to evaluate "whether the judicial district to which transfer is sought would

have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). For a court to be one in which a suit originally might have been brought, the court must have subject matter jurisdiction over the controversy, personal jurisdiction over the defendants, and be a proper venue. *See Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960).

Upon determining that the court of the proposed transfer is one where the suit might have been brought, courts look next to § 1404(a) and evaluate "the convenience of the parties and witnesses" and "the interest of justice." *In re Volkswagen AG,* 371 F.3d at 203. Convenience is evaluated under a number factors, none of which are given dispositive weight. *Action Indus. v. United States Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors to consider are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public factors to consider are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts should consider these factors in light of all the claims, controversies, and parties joined in the action. *Id.* at 204.

The Southern District of Texas would be a proper venue for this case. Under 28 U.S.C. § 1391(b)(2), a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." The storm occurred in Laredo, Texas, and the damaged property that is the subject of the suit is located in Laredo, Texas, which is in the Southern District of Texas.

Moreover, it is undisputed that (1) federal jurisdiction exists under 28 U.S.C. § 1332(a) based on diversity, and (2) the Southern District of Texas has personal jurisdiction over the Defendant, who does business in Laredo and issued the insurance policy to the Plaintiffs in Laredo.

The factors to consider under § 1404(a) also weigh in favor of transferring the case. If transferred to the Laredo Division, most of the sources of proof will be located there, most witnesses will be there, associated costs for willing witnesses will be lowered, and practical problems related to an expeditious trial will be minimized. Laredo also has a greater interest in deciding the matter, as the Plaintiffs reside there and the damaged property is situated there. Although the Laredo Division is certainly very busy, the Del Rio Division likewise is weighed down by a heavy criminal docket that makes the expeditious disposition of civil cases difficult.

Moreover, the Plaintiffs' state court petition indicates that the Plaintiffs erroneously filed suit in Maverick County, intending to file suit in Webb County instead:

> Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Laredo, in Webb County, Texas . . . . Plaintiffs are individuals whose residence is located in Laredo, Webb County, Texas . . . . This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' Property, which is located at 4604 Rio Plata, Laredo, Texas 78046.

(Pls.' Original Pet. at 1-2, ECF No. 1 at 14-15.) According to the motion to transfer venue, the Plaintiffs' counsel apologized for the mixup and, although ultimately not doing so, initially agreed to nonsuit the case. (ECF No. 3 at 2.) The Plaintiffs also essentially consented to transfer by not opposing the motion and not filing a response in opposition.

Finding that a transfer of venue is in the interest of justice and for the convenience of the parties and witnesses, it is hereby **ORDERED** that the motion to transfer venue is **GRANTED**.

Accordingly, the Court hereby **TRANSFERS** this action to the United States District Court of the Southern District of Texas, Laredo Division. It is further **ORDERED** that the Clerk's Office shall administratively close the instant cause of action in this division.

SIGNED this 21st day of October, 2015.

ALIA MOSES
UNITED STATES DISTRICT JUDGE